Argued January 7; Affirmed February 10, 1948

# HOFFART *v.* LINDQUIST and PAGET MORTGAGE CO.

189 P. (2d) 592

*Harry G. Hoy,* of Portland, argued the cause for appellant. On the brief were Hoy & Prag, of Portland.

*Jean L. Lewis,* of Portland, argued the cause for respondent. With her on the brief was Wallace Smith, of Portland.

Before Rossman, Chief Justice, and Lusk, Belt, Kelly, Bailey and Hay, Justices.

**LUSK, J.**

We are concerned in this case with the construction and application of Ch. 192, Oregon Laws, 1947, an amendment of § 10-811, O. C. L. A., as amended by Ch. 123, Oregon Laws, 1945. The section, with the 1947 amendment in italics, now reads as follows:

"Upon an appeal, the appellate court may affirm, reverse or modify the judgment or decree appealed from, in the respect mentioned in the notice, and not otherwise, as to any or all of the parties joining in the appeal, and may include in such decision any or all of the parties not joining in the appeal, except a co-defendant of the appellant against whom a several judgment or decree might have been given in the court below; and may, if necessary and proper, order a new trial; provided, however, that upon an appeal from a judgment notwithstanding the verdict, the appellate court may consider the correctness of the ruling of the circuit court on a motion for a new trial when joined with a motion for judgment notwithstanding the verdict if such ruling is assigned as erroneous in the brief of any party affected by the appeal; *and whenever it appears that such appeal can not be prosecuted by reason of the loss or destruction, through no fault of the appellant, of the reporter's shorthand notes, or of the exhibits, or other matter necessary to the prosecution of the appeal, the judgment or decree appealed from may be reversed and a new trial ordered as justice may require.*"

Respondents, who were plaintiffs in the court below, brought a suit in equity against the appellant Paget Mortgage Company and others in which it was sought

to charge the appellant as constructive trustee of certain moneys alleged to have been received by it to be used in paying off certain encumbrances against real property owned by the respondents, but which appellant wrongfully applied to other purposes. After a trial the court rendered a decree against appellant on April 17, 1945, for the sum of $1,565.96. Subsequently the shorthand notes of the reporter who reported the trial, as well as the exhibits introduced in evidence, were lost. Notice of appeal was filed and served on June 12, 1945, and thereafter numerous orders enlarging the time within which to file the transcript on appeal were made in response to applications supported by affidavits of counsel for the appellant, which showed that the court reporter's notes and the exhibits were lost and that the appellant was seeking legislative relief which could not be obtained until the 1947 meeting of the legislature and until a measure which the appellant was seeking to have enacted into law should be enacted and become effective. The first of these orders was entered July 16, 1945. The last, entered on June 24, 1947, after Ch. 192, Oregon Laws, 1947, had been enacted but before it became effective, enlarged the time for filing the transcript to the fifteenth day of August, 1947.

On this record, together with the pleadings, preliminary rulings on the pleadings and the opinion of the trial judge stating the reasons for his decision in favor of the respondents, the appellant asserts that it is entitled, under the provisions of the 1947 amendment above set out, to an order of this court reversing the decree and granting a new trial. That claim presents the only question for decision.

There are numerous cases from other jurisdictions

in which the like question has arisen, either under statutes similar to ours (except that they vest the power in the trial court) or under a claim of inherent power in the court to grant a new trial when a party is prevented from prosecuting an appeal through loss of the evidence. See the following cases and annotations: *Moore v. Oklahoma,* 59 Okla. Crim. Rep. 372, 61 P. (2d) 1134, 107 A. L. R. 598, with annotation at p. 603; *Shute v. Big Meadows Investment Co.,* 45 Nev. 99, 198 P. 227, 16 A. L. R. 1155, with annotation at p. 1158; *State v. Ricks,* 32 Idaho 232, 180 P. 257, 13 A. L. R. 99, with annotation at p. 102. An examination of the cases will show that where the power exists, either by virtue of statute or otherwise, it is almost uniformly held that it will be exercised only where the party invoking it has shown that he has made diligent effort to supply the lost record and that such effort was unavailing. See cases at 107 A. L. R. 604; 16 A. L. R. 1158; 13 A. L. R. 104; and *Fickett v. Rauch,* (Cal. App.) 177 P. (2d) 661, 667, construing § 953e, Civil Code of California, which confers the power in question on the trial courts of that state.

■ It is not enough, to enable a party to secure the benefit of this statute, that he merely show, as has been done here, that the exhibits and stenographic notes have been lost or destroyed through no fault of the appellant. If that had been the intention of the legislature we may suppose that it would have provided that in every such case a new trial must be awarded. Instead, the legislature said that "the judgment or decree appealed from *may* be reversed and a new trial ordered *as justice may require.*" The power granted is discretionary and the discretion wide. See *Fickett v. Rauch,* supra, and cases there cited.

■■ While ordinarily "the report of the testimony

must originate with the official stenographer, if one is used, and his certificate is sufficient authentication of it for the purposes of suits in equity" (*Nealan v. Ring*, 98 Or. 490, 496, 184 P. 275, 193 P. 199, 193 P. 747), yet, as stated in that case, "it is, of course, competent for the trial judge to authenticate a report of the testimony, whether there is an official reporter or not." Section 93-276, O. C. L. A., requires the official reporter, on request of the court or either party to make a transcript of his notes, certify it, and file it with the clerk. But there is nothing in this, or in any other, statutory provision, so far as we are advised, which precludes the authentication by the court of a report of the testimony otherwise prepared where a reporter is not used or where one has been used and his shorthand notes have been lost or destroyed As observed in *Butts v. Anderson,* 19 Okla. 367, 372, 91 P. 906:

> "While the law contemplates that either party may have the stenographer to transcribe his shorthand notes, upon payment of the necessary fees therefor, it does not contemplate that such is the only method of preparing a record for a case-made."

There were suits in equity and appeals therein before the days of court reporters, and not in all equity suits tried today is a reporter used; but the law does not say that in such a case it is not possible to bring to this court for the purposes of an appeal a properly authenticated report of the testimony.

■ Hence, it was incumbent upon the appellant, if it would avail itself of the remedy given by the statute in question, to show either that it had endeavored, without success, to prepare a report of the testimony and secure its authentication by the court, or that the nature of the record was such that an effort of that kind would

have been a mere futility. For all we know the respondents would have agreed with the appellant upon a statement of the evidence and of the court's rulings during the trial. So far as appears, the appellant has used no diligence whatever in this regard.

But more than this is required. This court cannot exercise an informed discretion unless there is at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice. As the court said in *Bingman v. Clark*, 178 Iowa 1137, 159 N. W. 172:

> "To say the least it would seem unfair to this defendant, who has obtained a judgment against this plaintiff, to impose upon him the burden and expense of a second trial, until it is shown either that the first trial was in some way unfair, or some erroneous rulings made at the trial * * * The burden rests upon the party attacking the judgment to show something of equitable cognizance which shows him entitled to relief from the judgment. The judgment imports a verity. The verdict is presumably right, and, being presumably right, will not be set aside until it is affirmatively shown to be wrong or improperly obtained. To set aside a verdict because of possible injustice to the adverse party is quite as likely to do a great injustice to the other party. He is subject to the risk of a new trial, and this risk involves possible loss of evidence and the death of witnesses. This hazard he ought not be compelled to take, unless it is made affirmatively to appear that in equity and good conscience he ought not to be permitted to hold the advantage he has gained by the verdict."

See to the same effect *Shute v. Big Meadows Investment Co.,* supra.

*Fickett v. Rauch,* supra, indicates that a similar rule prevails in California. There is authority to the

contrary (see *Nelson v. Marshall,* 77 Vt. 44, 58 Atl. 793); but, in our opinion, it should not be followed in view of the language of our statute.

An analogous case is *Galbraith v. Barnard,* 21 Or. 67, 26 P. 1110, where the plaintiff against whom a judgment had been rendered in a justice's court action brought a suit in equity to enjoin the enforcement of the judgment for the reason that the justice of the peace before whom the cause was tried had died, and he was thereby prevented from perfecting his appeal. Apparently conceding the jurisdiction of equity to grant the relief in a proper case, the court nevertheless held that the bill should be dismissed because there was "nothing to warrant even the inference that there was any failure of justice, or that any injustice had been done by the verdict and judgment." The court continued:

> "The plaintiff puts himself upon the bare proposition, that having lost the benefit of his appeal by accident, he may properly seek relief in equity, without regard to whether or not the trial already had was fair, or the judgment rendered therein was against equity and good conscience. But accident alone is not sufficient; there must be some failure of justice from the accident—some circumstances of hardship or fraud, as the case may be, —to warrant the interference of equity." (21 Or. 70)

■ In the instant case we are given no information whatever about the evidence, the trial, or any errors claimed to have been committed upon the trial; nor are we furnished any facts indicating that the decree of the Circuit Court was wrong, inequitable or injust. There is nothing before us except the pleadings and decree, and the transcript on appeal.

It would appear, moreover, that there is possibility of prejudice to the respondents should a new trial be granted. As a result of the unusual requests for time and the Circuit Court's indulgence in granting them, above referred to, more than two years elapsed from the date of the entry of the decree before the case was ready to be put at issue in this court by the filing of briefs, and now, some six months later, we are asked to grant a new trial. In the meantime, according to a statement in the respondents' brief, "death has claimed some of the witnesses, the Judge before whom the case was tried and one of the attorneys." Justice delayed is justice denied, and, under the circumstances detailed, only a very strong showing would justify the granting of the relief asked for in this case.

■ It will have been observed that the statute prescribes no procedure for bringing the matter to the attention of the court. The remedy is not one to be sought in the Circuit Court, with the right to review the ruling here, but the power to grant a new trial for the causes specified is given exclusively to the Supreme Court. As above noted, in nearly all other jurisdictions where the power exists it is lodged in the trial judge, no doubt on the theory that with his knowledge of the case he is in a more favorable position to determine whether the ends of justice require a new trial than an appellate court would be. Counsel for the appellant inform us in their brief that they were active in obtaining the legislation, which was obviously intended to meet the situation in which their client found itself. The act is general in its terms, however, and was within the legislative power to pass, and, since the party applying for relief under it must make a showing of the kind above indicated, we are of the opinion that

affidavits relative to the question of an appellant's diligence and to the merits of the appeal should be filed with this court in support of a petition to reverse the judgment or decree and to order a new trial for a cause specified in the statute.

■ One other matter calls for brief comment. The respondents contend that the 1947 amendment is not applicable to this appeal. They urge that it is not retroactive legislation, but that to apply it here would be to give it retroactive effect, since the appeal had already been taken and perfected and this court had acquired jurisdiction of the cause at the time the act became effective. This court, in *Libby v. Southern Pacific Company,* 109 Or. 449, 219 P. 604, 220 P. 1017, held that a statute limiting the appellate jurisdiction of the Supreme Court in actions at law to cases where the amount in controversy exceeds $250.00 applied to pending appeals. But, owing to the peculiar wording of that statute, and also to the fact that under the then state of the law governing appeals this court did not acquire jurisdiction of an appeal until the transcript on appeal had been filed with it, the case would seem to be distinguishable. It is well settled that legislation is usually construed as prospective and not retrospective. The question here is a serious one (see *Denny v. Bean,* 51 Or. 180, 93 P. 693, 94 P. 503; 4 C. J. S., Appeal and Error, 64, § 5), but, since the appellant has not brought itself within the statute, we do not decide it.

■ The evidence not being here, the only other question is whether or not the pleadings are sufficient to uphold the decree. *Nealan v. Ring,* supra (98 Or. 497). Their sufficiency is not questioned and the decree must, therefore, be affirmed.

KELLY and HAY, JJ., concur in the result.