Argued October 8, affirmed December 12, 1974

ETHYL CORPORATION, *Respondent, v.*
JALBERT ET UX, *Appellants.*

529 P2d 368

*James Scudder,* Portland, argued the cause and filed briefs for appellants.

*Joseph W. Glaze,* Portland, argued the cause for respondent. On the brief were Keller & Glaze, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

O'CONNELL, C. J.

This is an action to recover on a written guaranty executed by defendants to guarantee the credit extended to Associated Supply Co. Defendants appeal from a judgment entered on a verdict in favor of plaintiff.

The defendant Leo Jalbert was the principal owner and president of Associated Supply Co. Defendant Nadine Jalbert, his wife, was not an officer, director or stockholder of that company. On May 18,

1968, in consideration of credit extended by plaintiff to Associated Supply, defendants executed and delivered a written guaranty agreement to Ethyl which guaranteed payment to Ethyl of all sums then owing and thereafter incurred by Associated Supply.

Thereafter Ethyl extended credit to Associated Supply in reliance upon this written guaranty agreement. Associated later defaulted in payment of its account to plaintiff and in June, 1972, under the provisions of a UCC Security Interest, plaintiff took possession of the personal property of Associated Supply, including accounts receivable. Plaintiff disposed of the tangible personal property to Baron Blakeslee Co., and after payment of various claims against the funds received therefrom, applied the balance in reduction of the account owing by Associated Supply. At the same time, Leo Jalbert assigned the lease and option to purchase the real property occupied by Associated Supply directly to Baron Blakeslee. Plaintiff thereafter filed its complaint against the defendants on the basis of their personal guaranty of May 18, 1968.

Plaintiff had collected some accounts receivable subsequent to the filing of the complaint and gave credit to Associated Supply and defendants by reducing the prayer of its complaint at the time of trial.

After trial of the case, the jury was instructed and retired to deliberate. Both counsel appeared in court in response to a request from the trial judge and were shown a written question submitted by the jury. The court proposed to answer the question in a manner which was unsatisfactory to the defendants' attorney. The court thereupon gave the bailiff a copy of one of the instructions which had previously been given to them and as to which no exception was taken

in the first instance. Defendant objected to the submission of this instruction the second time.

■■ Defendant Nadine Jalbert contends that the guaranty agreement is not enforceable against her because she received no consideration for her promise. The contention is without merit. A guarantor who receives no consideration for his promise is nevertheless bound, if consideration moves to the principal debtor.[1] The evidence in the present case establishes that consideration moved to Associated Supply by plaintiff's extension of credit to it.

■■ Defendants next contend that the trial court should have granted defendants' motion for a new trial based upon the alleged error in giving the jury a duplicate of an instruction already given. The record does not disclose the question which the jury submitted to the trial judge, nor does it disclose the colloquy between counsel and the trial judge in chambers. relating to the question. It appears that this part of the proceeding was not reported by the court reporter, or if it was reported, it was lost. The trial judge could not recall the nature of the question submitted by the jury, nor which instruction was given in answer to the jury's query. Defendants argue that because the record is incomplete in this respect, the case should be sent back for a new trial.

Defendants appear to be invoking the discretionary power of this court under ORS 19.130 (3):

"(3) Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes, tapes or audio records, or of the

---

[1] Restatement of Security § 86, p. 248 (1941); Restatement of Contracts § 56 (1932) and illustrations.

exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

Defendants have not, however, made a sufficient showing to allow us to conclude that justice requires a reversal in this case. As stated in *Hoffart v. Lindquist & Paget Mortgage Co.,*[2] the appellant, in order to prevail under this statute, must show that he has made every reasonable effort to secure a substitute for the missing portion of the record and, in addition, make "at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice."[3]

In this case we are told nothing more than that a question from the jury and the response to it are missing from the file and that a transcript of a colloquy between court and counsel is not available. It is possible that a report of the colloquy and the substance of the missing question and instruction could be constructed by agreement of counsel. We are not told why this was not accomplished or even if it was attempted. This alone is fatal to defendants' claim for relief.[4] In addition, there is no *prima facie* showing of a ground for reversal.

We have held that when the jury requests the court to reinstruct it upon a specific issue, the giving of such instruction rests in the sound discretion of the trial court.[5] There is no reason for us to assume that there was an abuse of discretion in giving the jury a

---

[2] 182 Or 611, 616-617, 189 P2d 592 (1948).

[3] *Id.* at 617.

[4] *Id.* at 616.

[5] State of Oregon v. Vaughn, 200 Or 275, 265 P2d 249 (1954).

part of the instructions previously given. This reduces defendants' argument to the contention that we should grant a new trial because it is possible that the query raised by the jury might have revealed some doubt, confusion or misconception about the case which, if not clarified, would make it impossible for the jury to render a rational verdict. We do not regard this kind of speculation as warranting a remand for a new trial.[9]

The judgment is affirmed.

---

[9] See Hoffart v. Lindquist & Paget Mortgage Co., *supra* n. 2 at 618-620.