Submitted on record and appellant's brief April 20, reversed and remanded June 13, 1978

PRICE, *Respondent,*

*v.*

CLINT et al, *Defendants,*

MIDDLETON, *Appellant.*

(No. 34094, CA 9358)

579 P2d 873

Larry Middleton, Molalla, filed the brief in propria persona for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

LEE, J.

## LEE, J.

Defendant appeals a judgment for restoration of premises to plaintiff landlord in a forcible entry and wrongful detainer action. ORS 105.105 through 105.155.

Defendant's primary contention is that the trial court erred in failing to record the proceedings without obtaining a waiver from the parties.

ORS 46.355 provides:

"(1) All proceedings in a district court shall be reported unless waived by the parties * * *.

"(2) Waiver of reporting in criminal cases *or* failure to make timely written request in accordance with local district court rule for reporting *civil,* violation and traffic infraction cases constitutes waiver of the right to appeal issues not otherwise preserved in the record." (Emphasis supplied.)

Read together, these two statutory subsections set different requirements for waiver in criminal cases as opposed to civil cases. In criminal cases the party must affirmatively waive the right to have the proceedings recorded. In civil cases the party may be deemed to have waived the recording if the party failed to request it in accordance with the local district court rule.

A difficulty is encountered, however, in applying this practice to the instant case because Clackamas County has not adopted any local district court rules. Defendant cannot be expected to make a timely written request in accordance with a local rule which does not exist. Consequently we find that defendant cannot be held to have waived his right to a recorded proceeding; therefore, error was committed.

Reversed and remanded.