Submitted on record and briefs April 24, reversed and remanded for a new trial
June 6, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL KEVIN MOHLER,
*Appellant.*

(89-11070-T; CA A60662)

792 P2d 1239

Michael Kevin Mohler, Grants Pass, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for failing to obey a stop sign. ORS 811.265. He contends that the court erred in failing to record the trial. We reverse and remand.

Defendant was cited for failing to stop before entering a highway. He filed a written request for a trial in which he asked that the proceedings be recorded. After trial to the court, he was found guilty and fined.

The district court did not record the proceeding, and defendant contends that that constitutes reversible error. The state agrees that defendant requested recording and that the court failed to record the proceeding as required by ORS 46.335(1),[1] but contends that any error is harmless, because "defendant has demonstrated no colorable claim of error for which review of the trial proceedings would be necessary."

We agree that the absence of a transcript requires a new trial only if the complaining party can make a *prima facie* showing that there was an error or unfairness at trial. *See, e.g.,* ORS 19.130(3);[2] *State v. Bonner,* 77 Or App 572, 576, 714 P2d 245 (1986). However, in situations where we review *de novo,* as we do in this case, ORS 46.340(4); ORS 153.575(1), the lack of a record prevents that review. Defendant essentially maintains that he did not commit the infraction. It would be difficult, if not impossible, for defendant to show the necessary prejudice in this context without a record of the proceeding below. In such a case, the prejudice arises from the fact that defendant cannot explain why the court erred, and we cannot determine if it did. *See Price v. Clint,* 34 Or App 731, 579 P2d 873 (1978).

Defendant contends that the remedy should be reversal without an opportunity for retrial, because retrial would

---

[1] ORS 46.335(1) provides, in pertinent part:

"All proceedings in district court shall be reported unless waived by the parties * * *."

[2] ORS 19.130(3) provides:

"Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

subject him to double jeopardy. We disagree. The state is not prohibited by the Fifth Amendment or Article I, section 12, of the Oregon Constitution from retrying a defendant after the conviction has been set aside because of a procedural error in the trial. *See* ORS 131.525(1)(a); *State v. Verdine,* 290 Or 553, 560, 624 P2d 580 (1981).

Reversed and remanded for a new trial.