On appellant's petition for reconsideration filed December 18, 1990, of order entered October 11, 1990, reconsideration allowed; order adhered to May 15, 1991

### STATE OF OREGON,
*Respondent,*

*v.*

### NGHIA GIA DAM,
*Appellant.*

(C88-12-38064; CA A61638)

812 P2d 829

Richard L. Lonergan and Lonergan and Lonergan, Portland, for the petition.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

The state petitions for review of our order summarily reversing defendant's judgment of conviction and remanding for a new trial. We allow the petition, which we treat as a petition for reconsideration, ORAP 9.15(1), and adhere to our order.

Defendant's conviction was reversed on the ground that portions of the record of oral proceedings in the trial court are inaudible. ORS 19.130(3). The issue is whether, in a criminal case, the defendant is entitled to a reversal of the judgment and a remand for a new trial when a significant portion of the record is missing and cannot be reconstructed, without a showing that the missing record would reveal at least a colorable claim of error.

After a jury trial, defendant was found guilty of three counts of robbery in the first degree. On appeal, his designation of record included the oral proceedings, which had been recorded by audiotape. Because this is a circuit court case, defendant's counsel arranged to have the audiotapes transcribed, pursuant to ORAP 3.76. After receiving the transcript, counsel discovered that there are about 100 instances where a statement made by a prospective juror, witness or lawyer is noted as inaudible. In addition, there are seven instances in which some portion of the record is missing due to the time involved in changing the audiotape.

Because portions of the record are missing, defendant moved to reverse his conviction and remand for a new trial. We allowed that motion by order dated October 11, 1990. When the trial court received notice of the order, it notified this court that it would attempt to determine whether the missing portions of the oral proceedings could be recaptured. Subsequently, the trial court sent a letter, which states, in part:

> "At my request [the Court of Appeals] granted a stay on the above case while we explored 'enhancing' the audio tapes with a professional sound studio. As you may remember the case was reversed solely on the grounds that parts of the taped transcript were inaudible.

> "We did manage to recover a great deal, but not enough. There is one portion of testimony where the victim, a soft

spoken Asian female, is over at the easel away from all microphones and only bits and pieces are audible using electronic enhancing techniques. It did not help that she had difficulty with the English language which caused even some audible words to be unrecognizable."

ORS 19.130(3) provides:

"Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."[1]

In *Ethyl Corp. v. Jalbert,* 270 Or 651, 529 P2d 368 (1974), the court addressed an appellant's claim that ORS 19.130(3) required reversal and a new trial, because part of the proceedings were not recorded. In holding that the appellant had failed to establish a basis for relief, the court said:

"[T]he appellant, in order to prevail under this statute, must show that he has made every reasonable effort to secure a substitute for the missing portion of the record and, in addition, make at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice." 270 Or at 655. (Citation and footnotes omitted.)

That holding and the one in the case on which it relied, *Hoffart v. Lindquist & Paget Mort. Co.,* 182 Or 611, 189 P2d 592 (1948), have been applied to criminal cases. In *State v. Kennedy,* 95 Or App 663, 668-70, 771 P2d 281 (1989), we concluded that the defendant had failed to show that every reasonable effort had been made to secure a substitute for the missing portion of the record. In *State v. Bonner,* 77 Or App 572, 714 P2d 245 (1986), we applied the two-part test of *Ethyl Corp.* and concluded that the defendant in each case had satisfied both elements.

■ In its petition, the state contends that the court has failed to require defendant to meet the first part of the *Ethyl Corp.* test. It is true that *defendant* has not made a showing that *he* has attempted to reconstruct the missing portions of the record. On the other hand, the trial court presided over an attempt by both parties to recapture the inaudible portions of

---

[1] ORS 19.130 is made applicable to criminal cases by ORS 138.185(2).

the audiotape and concluded that the enhancement techniques employed had failed to recapture the record. Moreover, in his reply to the state's answer to the motion to dismiss, defendant points out:

"In this case the defendant can't speak or read English. Even if the record was [*sic*] translated to defendant it would be difficult for anyone to remember the over 100 separate incidents of inaudible and missing testimony."

We conclude that it would have been futile for defendant to attempt to reconstruct the missing portions of the record.

■ The state argues that we have effectively eliminated the requirement that defendant show a colorable claim of error. It contends that we should not only require that showing, but also require a showing that the error was preserved on the record and is of such a nature as to warrant reversal. Some of the cases applying *Ethyl Corp.* have discussed the nature of the errors that the missing record might have revealed in terms that suggest that the court was concerned about whether the errors, even if they existed, would have warranted reversal. However, no case has explicitly held that, in order to obtain relief under ORS 19.130(3), an appellant must make that showing. We decline to do so.

■ The state also argues that Article VII (amended), section 3, of the Oregon Constitution, and ORS 138.230 prevent an appellate court from reversing a judgment in a criminal case in the absence of an error that substantially affected the fairness of the trial. Section 3 provides, in part:

"If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, [on an appeal] that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial * * *."

ORS 138.230, relating to the scope of appellate review in criminal cases, provides:

"After hearing the appeal, the court shall give judgment without regard * * * to technical errors, defects or exceptions which do not affect the substantial rights of the parties."

There is a decisive difference between the position of an appellate court, having had the opportunity to review a substantially complete record, being able to say affirmatively

that the errors committed during the trial court proceedings did not affect any substantial right of the defendant and the position of an appellate court that has an incomplete record before it. In the latter situation, we cannot know whether there were errors that affected a substantial right of defendant. The record does not tell us, and the parties do not agree on what to tell us. The facts are one predicate for appellate review. Without them, the parties cannot formulate the issues, and we have nothing to review. Failure to make a proper record of proceedings in the trial court renders ineffective the defendant's statutory right to appellate review and is an error that affects a substantial right. Neither Article VII (amended), section 3, nor ORS 138.230 precludes reversal.[2]

Reconsideration allowed; order adhered to.

---

[2] Although we cited *State v. Balfour,* 100 Or App 1, 784 P2d 1103 (1989), *rev allowed* 310 Or 60 (1990), in the order, *Balfour* is not involved in the analysis utilized in this opinion.