Argued and submitted April 3, the decision of the Court of Appeals reversed and remanded to the Court of Appeals for further proceedings May 30, reconsideration denied August 6, 1991

## Darrell SMITH,
*Respondent on Review,*

*v.*

## CUSTOM MICRO, INC.,
*Petitioner on Review.*

(TC 89-90669; CA A63887; SC S37598)

811 P2d 1371

Francis W. Linklater, Eugene, filed the petition and argued the cause for petitioner on review.

Darrell Smith, Springfield, filed the memorandum and appeared *pro se*.

GILLETTE, J.

## GILLETTE, J.

The issue in this civil case is whether the Court of Appeals erred in summarily reversing the judgment of the district court and remanding the case for a new trial on the ground that the audio record of proceedings had been erased. We conclude that the Court of Appeals erred. We reverse the decision of the Court of Appeals, reinstate the appeal, and remand the case to that court for further proceedings.

This case began as a dispute over the kind of hard disk that defendant furnished in a computer it sold to plaintiff. Dissatisfied with his failure to obtain a resolution of the dispute, plaintiff (who is an inactive member of the Oregon State Bar) brought the present action for breach of contract, violation of the Unlawful Trade Practices Act, ORS 646.605 to 646.656 (UTPA), and fraud.

The case was tried without a jury. During the course of the proceedings, plaintiff dismissed both his UTPA and fraud claims. At the close of all the evidence, the trial court found for defendant on the contract claim. Plaintiff appealed. It then was discovered that the audio record of the trial had been destroyed.

The parties thereafter made various efforts to develop an agreed narrative statement to serve in lieu of a transcript. ORS 19.088.[1] The trial judge offered to supply his trial notes to facilitate the effort. Some delay followed, fault for which is in dispute. Finally, however, and while the effort to create an agreed narrative statement was (so far as appears in the record) still ongoing, plaintiff moved the Court of Appeals for an order reversing the case and remanding it for a new trial pursuant to ORS 19.130(3), which provides:

> "Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of

---

[1] ORS 19.088 provides:

"In lieu of or in addition to a transcript, the parties may prepare an agreed narrative statement of the proceedings below or parts thereof. The narrative statement shall be signed by the parties or their attorneys and shall be filed with the clerk within 30 days after the filing of the notice of appeal. When such a statement is filed, the appellant shall promptly notify the State Court Administrator, at Salem."

the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

After a veritable paper flood of argument and counter-argument over the propriety of dismissal, the Court of Appeals granted the motion to reverse and remand by the following order:

"Appellant has moved to reverse and remand this case to the trial court for a new trial on the ground that the audio record of hearings on motions and the two-day trial, plus all exhibits introduced during the trial, were destroyed by the trial court. It appears that some, if not all, exhibits can be reconstructed but that the parties are unable to agree on a record of oral proceedings. The motion is allowed. ORS 19.130(3)."[2]

Defendant petitioned for review. We allowed review to address the standards that the Court of Appeals should observe in deciding questions of this kind.

We begin by noting that ORS 19.130(3) does not mandate reversal. The statute is addressed to the discretion of the appellate court when it provides that the court "may" reverse the judgment and order a new trial "as justice may require." The statute also contains two prerequisites to the exercise of discretion: (1) a record or exhibit that is necessary to the prosecution of the appeal must have been lost or destroyed, and (2) the loss or destruction must have been through no fault of the appellant. No one disputes the existence of those conditions precedent in this case.

■    ORS 19.130(3) is a relatively old statute.[3] Before the Court of Appeals was created, this court spelled out the considerations that guide our discretion under the statute in choosing whether to put the parties and the judicial system to the time and expense of another trial without a finding of reversible error. *See Hoffart v. Lindquist & Paget Mortg. Co.,* 182 Or 611, 616-17, 189 P2d 592 (1948) (stating rule); *Ethyl Corp. v. Jalbert,* 270 Or 651, 655, 529 P2d 368 (1974) (same).

---

[2] Although the record is not entirely clear, it appears that all the exhibits now either are accounted for, or their contents could be agreed on. The real problem is lack of an audio record of hearings on motions and of the trial.

[3] What is now subsection (3) of ORS 19.130 was enacted in 1947. Or Laws 1947, ch 192. The subsection was amended in 1955 by adding the reference to "audio record." Or Laws 1955, ch 497, § 6.

From those cases — the facts of which are not important — we derive two important principles: The appellant (1) must show due diligence in attempting to find and supply a record for the purposes of appeal; and (2) must make "at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice." *Ethyl Corp. v. Jalbert, supra,* 270 Or at 655 (citing *Hoffart v. Lindquist & Paget Mortg. Co., supra,* 182 Or 617). Defendant argues, and we agree, that the same criteria should guide the Court of Appeals in its deliberations on matters falling within the purview of the statute. Defendant further argues that plaintiff has not met either test in this case.

■ We need not address the application of the requirement of due diligence, because we have determined that plaintiff has not made the minimum showing necessary to suggest either "error, or unfairness in the trial, or that there had been a miscarriage of justice." All that plaintiff has done, in the many documents that he has filed in this appeal, is hint darkly at errors in refusing him a postponement,[4] in not granting him a jury trial, and in making various rulings (which plaintiff acknowledges were discretionary but which he insists would be shown by a complete record to have been abuses of that discretion).

That is not sufficient. Claims of error concerning a discretionary ruling of the trial court will rarely succeed on appeal, even with a full transcript. Such claims ought not to receive more weight when a complete transcript is unavailable.[5]

■ With respect to the one error alleged by plaintiff that does not involve the exercise of the trial court's discretion — failure to grant plaintiff a jury trial — plaintiff's showing is not adequate. He nowhere alleges that he asked for a jury trial

---

[4] More completely, plaintiff complains that the trial court held a hearing concerning plaintiff's request for a postponement, and denied that request, without plaintiff's being present. Apparently, plaintiff wanted time for further discovery. However, nothing that plaintiff has presented suggests what discovery he was unable to obtain.

[5] We do not hold that an appellant may *never* make a *prima facie* showing by describing various discretionary rulings; we observe only that it will be the unusual case in which an appellant's description of discretionary rulings will make a *prima facie* showing of reversible error. Plaintiff here has made nothing approaching that showing.

or that one was denied him. At least both those facts must be alleged to make a *prima facie* showing as to this claim of error.

From the foregoing, it follows that plaintiff has not made a sufficient showing to justify the Court of Appeals' decision to reverse the judgment of the district court and to remand the case for a new trial. Without that minimal showing, the Court of Appeals' decision must be reversed, the appeal reinstated, and the case remanded to the Court of Appeals for further proceedings.[6]

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings consistent with this opinion.

---

[6] We express no opinion whether, on remand, the Court of Appeals should, in the exercise of its discretion, permit plaintiff a further opportunity to demonstrate that the judgment of the trial court should be reversed and a new trial ordered.