Submitted on remand from the Oregon Supreme Court October 7, 1991, motion denied November 4, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## NGHIA GIA DAM,
*Appellant.*

(C88-12-38064; CA A61638)

840 P2d 1317

Frank L. Bearden, Judge pro tempore.

Richard L. Lonergan and Lonergan and Lonergan, Portland, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, for respondent.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

## EDMONDS, J.

This case is before us on remand. *State v. Dam*, 312 Or 33, 816 P2d 593 (1991). The issue is whether defendant's conviction should be reversed and the case remanded for a new trial on the ground that substantial portions of the record of oral proceedings in the trial court are inaudible.

After the notice of appeal was filed, defendant moved under ORS 19.130[1] to reverse his conviction and to remand for a new trial. We allowed the motion. *See State v. Dam*, 107 Or App 152, 812 P2d 829 (1991). The Supreme Court vacated our decision and remanded for reconsideration in the light of *Smith v. Custom Micro, Inc.*, 311 Or 375, 811 P2d 1371 (1991).

■ The requirement in ORS 19.130(3) that a party make a *prima facie* showing of error or unfairness in the trial applies in criminal cases as well as in civil cases. *See State v. Bonner*, 77 Or App 572, 714 P2d 245 (1986). In our opinion in this case, we said:

> "The state argues that we have effectively eliminated the requirement that defendant show a colorable claim of error. It contends that we should not only require that showing, but also require a showing that the error was preserved on the record and is of such a nature as to warrant reversal. Some of the cases applying *Ethyl Corp. [v. Jalbert*, 270 Or 651, 529 P2d 368 (1974)] have discussed the nature of the errors that the missing record might have revealed in terms that suggest that the court was concerned about whether the errors, even if they existed, would have warranted reversal. However, no case has explicitly held that, in order to obtain relief under ORS 19.130(3), an appellant must make that showing. We decline to do so.
>
> "* * * * *
>
> "There is a decisive difference between the position of an appellate court, having had the opportunity to review a substantially complete record, being able to say affirmatively

---

[1] ORS 19.130(3) provides:

"Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

that the errors committed during the trial court proceedings did not affect any substantial right of the defendant and the position of an appellate court that has an incomplete record before it. In the latter situation, we cannot know whether there were errors that affected a substantial right of defendant. The record does not tell us, and the parties do not agree on what to tell us. The facts are one predicate for appellate review. Without them, the parties cannot formulate the issues, and we have nothing to review. Failure to make a proper record of proceedings in the trial court renders ineffective the defendant's statutory right to appellate review and is an error that affects a substantial right." 107 Or App at 156.

In *Smith v. Custom Micro, Inc., supra,* the court held that, before an appellate court can reverse a trial court judgment and remand for a new trial because of the loss or destruction of the trial court record under ORS 19.130(3), the appellant

"(1) must show due diligence in attempting to find and supply a record for the purposes of appeal; and (2) must make 'at least a *prima facie*' showing of error, or unfairness in the trial, or that there had been a miscarriage of justice." 311 Or at 379.

The court also said:

"We need not address the application of the requirement of due diligence, because we have determined that plaintiff has not made the minimum showing necessary to suggest either 'error, or unfairness in the trial, or that there had been a miscarriage of justice.' All that plaintiff has done, in the many documents that he has filed in this appeal, is hint darkly at errors in refusing him a postponement, in not granting him a jury trial, and in making various rulings (which plaintiff acknowledges were discretionary but which he insists would be shown by a complete record to have been abuses of that discretion).

"That is not sufficient. Claims of error concerning a discretionary ruling of the trial court will rarely succeed on appeal, even with a full transcript. Such claims ought not to receive more weight when a complete transcript is unavailable." 311 Or at 379. (Footnotes omitted.)

We understand *Smith* to hold that, despite the absence of a record to look at, an appellant must persuade the reviewing court that what is missing from the record would be

a *prima facie* indication of an error or would demonstrate unfairness in the trial.

In that light, we turn to the facts of this case. After a jury trial, defendant was found guilty of three counts of robbery in the first degree. After receiving the transcript made from the audio record of the trial, counsel discovered about 100 instances in which a statement made by a prospective juror, a witness or a lawyer is noted as inaudible. In addition, there are seven instances in which some portion of the record is missing due to the time involved in changing the audiotape. Many of the portions of the transcript noted as "inaudible" or "missing" occurred during *voir dire*. None of the "missing" portions occurred during testimony, oral argument or jury instructions. The remaining approximately 14 "inaudible" portions include four instances during defendant's testimony.

The thrust of defendant's argument is that some of the missing and inaudible portions of the record "appear to be significant" to "the completion of the duties of appellate counsel."[2] Defendant argues, citing *Penson v. Ohio*, 488 US 75, 109 S Ct 346, 102 L Ed 2d 300 (1988), that the federal constitution is implicated when he is required to prepare a brief based on an incomplete record. He concludes that he will

---

[2] Defendant's motion in this court says:

"Appellant moves the court for a reversal of the judgment against appellant and to order a new trial as portions of the transcribed record are noted as inaudible or were not part of the audio record that was transcribed and therefore lost or destroyed through no fault of appellant. The attached exhibit lists the citations to the missing portions of the record followed by citations to the inaudible portions of the record."

Defendant's reply memorandum on the motion says:

"In this case the defendant can't speak or read english [sic]. Even if the record was translated to defendant it would be difficult for anyone to remember the over 100 seperate [sic] incidents of inaudible and missing testimony. In any case, appellate counsel might find plain error existed at the trial when trial counsel or defendant may have thought nothing significant took place. Some of the missing portions appear to be significant. At page 203-204 it is uncertain whether another witness testified. In addition, defense counsel was in the middle of making motions to the court. At page 215 the defendant has requested that a witness be called to testify. The sequence of events is then not recorded. Further more [sic] the defendant attempted to reopen testimony on Pg 218-219 and events and rulings are not recorded. Many portions of witness testimony are also unavailable."

be denied due process of law if he is required to prove that error was committed in the missing portions of the record.

■     We think that, when the court said in *Smith* that a defendant must make a showing of "unfairness in the trial, or that there had been a miscarriage of justice," it must have had in mind the requirements of due process. *See Bartz v. State of Oregon*, 313 Or 209, 830 P2d 595 (1992). Some courts considering the issue hold that the mere absence of a perfect transcript does not necessarily deny due process; the defendant must show some "actual" prejudice to be entitled to relief. *See, e.g., U.S. v. Antoine*, 906 F2d 1379 (9th Cir), *cert denied*, 111 S Ct 398 (1990); *Mitchell v. Wyrick*, 698 F2d 940 (8th Cir), *cert denied* 103 S Ct 3120 (1983). The holding in *Smith* is in accordance with those decisions.[3] If any error did occur in the trial, appellant's counsel has made no effort to explain why he could not learn what it is. A fair characterization of his motion is that it points to the missing portions of the record and only suggests that they might involve trial error, constitutional or otherwise. In the light of *Smith*, we hold that that is insufficient to meet the minimum showing required by ORS 19.130(3).

Motion denied.

---

[3] Some courts have held that a different rule applies when a defendant has counsel on direct appeal different than at trial. They hold that, if there is a "substantial and significant" portion of the record missing, the defendant is entitled to a new trial without any showing of prejudice. The rationale is that foreclosing appellate counsel from examining the transcript for possible error renders the defendant's right to appeal illusory. *See, e.g., United States v. Selva*, 559 F2d 1303, 1305 (5th Cir 1977). The test under cases like *Selva* is whether the court can affirmatively conclude that the appellant has not been adversely affected by the omissions from the transcript. That is the opposite of the holding in *Smith v. Custom Micro Inc., supra*.