On appellant's motion to reverse and grant a new trial due to lost portions of the audio record and to toll time for filing her opening brief filed July 15, and on respondent's response to appellant's motion to reverse and grant a new trial filed August 11, 1998, motion to reverse and grant a new trial denied February 17, 1999

In the Matter of
Starla Dahl, Ember Dahl and Passion Dahl,
Minor Children.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY,
*Respondent,*

*v.*

Karen DAHL,
*Appellant.*

(9607-82023; CA A101013)

974 P2d 783

Peter Miller for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

Appellant, who is the mother in this juvenile court dependency proceeding, moves pursuant to ORS 19.420(3) to reverse the juvenile court's judgment establishing jurisdiction and for a new trial because "portions of the [trial] proceedings were not recorded and were permanently lost as part of the record." Appellant contends, particularly, that because our review is *de novo*, ORS 419A.200(5) and ORS 19.415(3), she is not obligated to make a *prima facie* showing of error or unfairness in the trial proceedings. We reject that argument and, accordingly, deny the motion.

ORS 19.420(3) reads as follows:

"Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

Appellant asserts that we should reverse and remand for a trial pursuant to ORS 19.420(3) because, due to malfunctions of the trial court's tape-recording equipment, there is no record of substantial portions of the trial proceedings.

Appellant acknowledges that, *in general*, an appellant who invokes ORS 19.420(3) must make the two-part showing described in *Ethyl Corp. v. Jalbert*, 270 Or 651, 529 P2d 368 (1974):

"[T]he appellant * * * must show that he has made every reasonable effort to secure a substitute for the missing portion of the record and, in addition, make 'at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice.'" 270 Or at 655, (quoting *Hoffart v. Lindquist & Paget Mortgage Co.*, 182 Or 611, 616-17, 189 P2d 592 (1948)).

Appellant argues, however, that the second requirement, of "a *prima facie* showing of error, or unfairness in the trial," should not, and does not, apply to cases where appellate review is *de novo*:

"The *Ethyl Corp.* case involved an action at law and was not an equity case where appeal was *de novo* on the record. Where there is a right of *de novo* appeal, such as in this juvenile court dependency case, it should not be necessary to make a *prima facie* showing of error, unfairness at trial, or a miscarriage of justice. An appeal in [a] juvenile court dependency case is conducted as an appeal of an equity case and 'the Court of Appeals shall try the cause anew upon record.' ORS 19.415(3). * * * Due to the loss of the portions of the record of the trial proceedings, mother is effectively denied her right to a full and fair retrial of the case on *de novo* review. This in and of itself should satisfy the requirement cited in *Ethyl Corp.*"

Although appellant cites no authority for that proposition, we have, in fact, endorsed the distinction she urges. In *State v. Mohler*, 102 Or App 75, 792 P2d 1239 (1990), in which we engaged in *de novo* review of a conviction for failing to obey a stop sign,[1] we granted defendant's motion to reverse because the trial court had failed to record the proceeding. In so holding, we observed:

"We agree that the absence of a transcript requires a new trial only if the complaining party can make a *prima facie* showing that there was an error or unfairness at trial. *See, e.g.*, ORS 19.130(3); *State v. Bonner*, 77 Or App 572, 576, 714 P2d 245 (1986). However, in situations where we review *de novo*, as we do in this case, ORS 46.340(4); ORS 153.575(1), the lack of a record prevents that review. Defendant essentially maintains that he did not commit the infraction. It would be difficult, if not impossible, for defendant to show the necessary prejudice in this context without a record of the proceeding below. In such a case, the prejudice arises from the fact that defendant cannot explain why the court erred, and we cannot determine if it did." *Mohler*, 102 Or App at 77 (footnote omitted; citation omitted).

The problem with appellant's argument here—and with our holding in *Mohler*—is that both ignore controlling Oregon Supreme Court precedent: *Hoffart v. Lindquist & Paget Mortgage Co.* In particular, although appellant

---

[1] *Former* ORS 46.340(4), which was repealed in 1995, Or Laws 1995, ch 658, § 127, provided for *de novo* review from a judgment in a district court case "in which no right to jury trial is provided by Oregon law."

acknowledges that the test set out in *Ethyl Corp.* is generally controlling, she fails to acknowledge that the operative language in *Ethyl Corp.* is taken verbatim from *Hoffart*—and that *Hoffart* itself was an equity case. *See also Smith v. Custom Micro, Inc.*, 311 Or 375, 378-79, 811 P2d 1371 (1991) (citing *Hoffart* with approval). Similarly, in *Mohler* we failed to cite, much less address, *Hoffart*.

In *Hoffart*, the defendant appealed from a decree imposing a constructive trust. After trial, the court reporter's shorthand notes and all trial exhibits were lost. The appellant moved for relief under the statutory antecedent to ORS 19.130, and the Supreme Court denied that relief. In so holding, the court explained why the requirement of a *prima facie* showing of error applies equally to cases involving *de novo* review:

> "This court cannot exercise an informed discretion unless there is at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice. As the court said in *Bingman v. Clark*, 178 Iowa 1129, 159 N. W. 172:
>
>> " 'To say the least it would seem unfair to this defendant, who has obtained a judgment against this plaintiff, to impose upon him the burden and expense of a second trial, until it is shown either that the first trial was in some way unfair, or some erroneous rulings made at the trial * * * The burden rests upon the party attacking the judgment to show something of equitable cognizance which shows him entitled to relief from the judgment. The judgment imports a verity. The verdict is presumably right, and, being presumably right, will not be set aside until it is affirmatively shown to be wrong or improperly obtained. To set aside a verdict because of possible injustice to the adverse party is quite as likely to do a great injustice to the other party. He is subject to the risk of a new trial, and this risk involves possible loss of evidence and the death of witnesses. This hazard he ought not be compelled to take, unless it is made affirmatively to appear that in equity and good conscience he ought not to be permitted to hold the advantage he has gained by the verdict.'
>
> "* * * * *

"In the instant case we are given no information whatever about the evidence, the trial, or any errors claimed to have been committed upon the trial; nor are we furnished any facts indicating that the decree of the Circuit Court was wrong, inequitable or injust." *Hoffart*, 182 Or at 617-18.

*Mohler* cannot be reconciled with *Hoffart*. Accordingly, we overrule *Mohler*.

Here, appellant did not make a *prima facie* showing of error. Although she asserts that substantial portions of the proceedings were not recorded or that the recording is so distorted as to defy transcription, she does not, by affidavit or otherwise, explain how or why the record, if complete, would demonstrate error. *See Hoffart*, 182 Or at 620 ("[A]ffidavits relative to the question of an appellant's diligence and to the merits of the appeal should be filed with this court in support of a petition to reverse the judgment * * *."). *See, e.g., Smith v. Custom Micro, Inc.*, 311 Or at 379 (addressing, and rejecting, sufficiency of appellant's showing of error); *Ethyl Corp.*, 270 Or at 655-56 (same).

Motion to reverse and grant new trial denied.