Argued and submitted September 11, 2000, affirmed February 27, 2002

In the Matter of Oniyma Obalo,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## ONIYMA MALIK OBALO,
*Appellant.*

9905-64159; A108491

41 P3d 458

Thomas A. Coleman argued the cause and filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

### ARMSTRONG, J.

■     Appellant appeals from an order that extended her involuntary commitment to the Mental Health Division for an additional 180 days beyond the period of her initial commitment to the Division, based on findings that she remained mentally ill and required further treatment. Appellant contends that the record of her recommitment hearing is incomplete and that, as a consequence, the recommitment order must be reversed. Alternatively, she contends that the evidence presented at the hearing was insufficient to support a finding under ORS 426.130 that she is mentally ill. We affirm.

We reject without discussion appellant's contention that the evidence in the record is insufficient to support the court's finding that she is mentally ill. We write to address only her contention that the incomplete record of her recommitment hearing requires us to reverse the recommitment order.

The record of the recommitment hearing consists of several exhibits and a transcript of three audiotapes that were used to record the hearing. The first of the three audiotapes is blank, so the transcript does not include the first part of the hearing. The transcript of the remaining part of the hearing contains a portion of a social worker's testimony, a medical examiner's interview of appellant, the parties' final arguments, and the court's findings.

ORS 426.160 requires a judge who presides at a commitment hearing to "cause to be recorded in the court records a full account of all proceedings had at" the hearing. Appellant relies on *State v. Rowe*, 9 Or App 500, 497 P2d 1230 (1972), for the proposition that we must reverse a commitment order that is entered after a hearing at which the judge fails to fulfill the obligation imposed by ORS 426.160 to cause a record to be made that contains a full account of the proceedings. The state conceded in *Rowe* that the judge had failed to fulfill his obligation under ORS 426.160 to cause the required record to be made, and we reversed the commitment order based on that concession.

■ We do not believe that it is necessary for us to resolve whether the gap in the record constitutes a violation of ORS 426.160. Even if it did, ORS 19.420(3) governs how we and the parties are to address the gap. That statute provides:

> "Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

The Supreme Court has interpreted the statute to impose on appellants an obligation (1) to show that they have made every reasonable effort to secure a substitute for the missing portion of the record and (2) to make a *prima facie* showing of error, of unfairness at trial, or of a miscarriage of justice. *See, e.g., Ethyl Corp. v. Jalbert*, 270 Or 651, 655, 529 P2d 368 (1974).[1] Appellant has done neither of those things. She simply contends that the gap in the record, standing alone, requires us to reverse the recommitment order.[2] She is mistaken.

Affirmed.

---

[1] When the Supreme Court decided *Ethyl Corp.*, ORS 19.420(3) was numbered as ORS 19.130(3). We refer to the statute by its current number.

[2] Appellant contends that, because of the gap, the record fails to establish that the court advised appellant of her rights, as required by ORS 426.307, and that the witness and examiners were sworn and the exhibits were admitted. She contends that the absence of that evidence in the record constitutes a *prima facie* showing of error. It does not. For these purposes, a *prima facie* showing would have to include evidence to support a finding that the required acts had *not* occurred. It is not enough to show that the gap in the record prevents us from being certain about whether the acts occurred. *See generally* OEC 311(1)(j), (x) (evidentiary presumptions that official duties have been performed and that the law has been obeyed).