Argued and submitted December 11, 2001, affirmed October 30, 2002

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH CUTRI,
aka Joey Cutri,
*Appellant.*

0006-66455; A111174

56 P3d 955

Dana M. Forman argued the cause for appellant. With her on the brief was Celuch, Ludwig & Forman PC.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

Haselton, P. J., concurring.

## WOLLHEIM, J.

Appellant appeals from an order adjudicating him to be a mentally ill person and committing him to the Mental Health Division. Appellant contends that, because there is no record of the oral testimony at the hearing below, the finding of mental illness and order of commitment must be reversed. The state argues that the lack of a transcript does not entitle appellant to an automatic reversal without his having made the showing required under ORS 19.420(3). On *de novo* review, *State v. O'Neill*, 274 Or 59, 545 P2d 97 (1976), we affirm.

The record consists of the order of commitment and the exhibits admitted during the hearing. For some unknown reason, and through no fault of appellant, no transcript or audio recording of the oral testimony given at the civil commitment hearing exists. We do not know if it was never recorded or if it was recorded and then subsequently lost or destroyed. We have no affidavits indicating that the proceeding was initially recorded. At oral argument, counsel for appellant stated that she attempted to ascertain from appellant's trial counsel what might have happened to the transcript, if one ever existed, as well as information about what actually occurred at the hearing. According to appellate counsel, trial counsel was uncooperative and thus no light was shed on the whereabouts of the transcript, if one exists, or what transpired at the hearing.

On appeal, appellant argues that, because there is no transcript of the oral testimony at the underlying civil commitment proceeding and because ORS 426.160[1] mandates that a record be made of those proceedings, that constitutes a "fatal flaw" requiring reversal. The state asserts that ORS 19.420(3) controls the effect of a lost record on appeal. The state argues that, because appellant has made no effort to make the showing required under ORS 19.420(3), the mere absence of a transcript does not entitle appellant to reversal.

---

[1] ORS 426.160 requires a judge who presides at a commitment hearing to "cause to be recorded in the court records a full account of proceedings had at all hearings * * *."

After argument in this case, we decided *State v. Obalo*, 179 Or App 684, 41 P3d 458 (2002). That case involved an extension of a civil commitment order. The record of the hearing in that case was on three tapes, the first of which was blank, so the transcript did not include the first part of the hearing. As in this case, the appellant in *Obalo* argued that the incomplete record violated ORS 426.160 and required reversal. We rejected the appellant's contention that the incomplete record required reversal. We held that, even if ORS 426.160 was violated, "ORS 19.420(3) governs how we and the parties are to address the gap." *Obalo*, 179 Or App at 687. Because the appellant failed to make the required showings under ORS 19.420(3), "[w]e [did] not believe that it [was] necessary * * * to resolve whether the gap in the record constitutes a violation of ORS 426.160." *Obalo*, 179 Or App at 687.

This case is similar to *Obalo*; therefore, we do not address ORS 426.160, as appellant has failed to make the showings required by ORS 19.420(3), which provides:

> "Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from may be reversed and a new trial ordered as justice may require."

The Supreme Court has held that to prevail under ORS 19.420(3), the appellant

> "must show that he has made every reasonable effort to secure a substitute for the missing portion of the record and, in addition, make 'at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice.' "

*Ethyl Corp. v. Jalbert*, 270 Or 651, 655, 529 P2d 368 (1974) (quoting *Hoffart v. Lindquist & Paget Mortg. Co.*, 182 Or 611, 616-17, 189 P2d 592 (1948)).

Here, while it is arguable whether appellant has made every reasonable effort to secure a substitute for the missing record, appellant has failed to make a *prima facie*

showing of error, or unfairness at trial, or that there has been a miscarriage of justice.

Affirmed.

**HASELTON, P. J.,** concurring.

I concur in the majority's analysis and disposition, but write separately to highlight and address a recurring concern that this case exemplifies: What can appellate counsel do to satisfy the requirements of *Ethyl Corp. v. Jalbert,* 270 Or 651, 655, 529 P2d 368 (1974), if a trial record is materially incomplete?[1]

The answer lies, at least in part, in *Hoffart v. Lindquist & Paget Mortg. Co.,* 182 Or 611, 620, 189 P2d 592 (1948):

> "[A]ffidavits relative to the question of an appellant's diligence and to the merits of the appeal should be filed with this court in support of a petition to reverse the judgment or decree and to order a new trial for a cause specified in the statute."

*See also State ex rel Juv. Dept. v. Dahl,* 158 Or App 479, 484, 974 P2d 783 (1999), *rev den,* 330 Or 470 (2000) (same). Thus, under *Hoffart,* a motion for reversal pursuant to ORS 19.420(3) requires the submission of evidence to the appellate court. The consideration and determination of such a motion is, in substance, an original evidentiary proceeding in aid of the court's jurisdiction, in which the court acts as the trier of fact.

Given that procedural posture, an appellant's counsel can use a variety of means to adduce sufficient evidence of what occurred at trial so as to make a *prima facie* showing of error upon an otherwise incomplete record. Without limitation, those means include:

(1) Appellate counsel can consult with, and obtain affidavits from, trial counsel.

---

[1] *See also State v. Obalo,* 179 Or App 684, 41 P3d 458 (2002); *State ex rel Juv. Dept. v. Dahl,* 158 Or App 479, 974 P2d 783 (1999), *rev den,* 330 Or 470 (2000) (presenting similar issues). In addition, the same concerns have arisen in cases that have not resulted in reported appellate opinions.

(2)	If trial counsel inexplicably refuses to cooperate in those efforts, appellate counsel can apply to the appellate court for appropriate relief in aid of appellate jurisdiction, including orders to show cause and, if necessary, exercise of the court's contempt authority.

(3)	Appellate counsel can consult with, and obtain affidavits from, parties and trial witnesses. Again, if cooperation is not forthcoming, counsel can apply to the appellate court for the issuance of compulsory process in aid of its jurisdiction.

In sum, an appellant's counsel is not, in fact, confronted with a "Catch-22" of being required to show error on an incomplete or nonexistent record. I do not suggest that counsel must pursue any or all of the possible measures just outlined, much less that any particular course is preferable. My point is merely that, in appropriate cases, counsel is not without options.