Argued March 17, reversed May 5, 1975

In the Matter of Joyce Anderson, alleged to be a mentally ill person.

## STATE OF OREGON, *Respondent, v.* ANDERSON, *Appellant.*

534 P2d 1159

*Thomas C. Howser,* Ashland, argued the cause and filed briefs for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause and filed a brief for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Denecke, Judges.

DENECKE, J. (Pro Tempore)

Miss Anderson has appealed from her commitment as a mentally ill person. We reverse because the committing court's decision was at least partially based upon evidence not in the record.

On April 22nd the trial court held a hearing to determine if Miss Anderson was mentally ill. She was not committed as a result of that hearing. Apparently, no record was made of that hearing. On April 24th a second notice of mental illness was filed. A hearing was held on April 26th. A transcript of that hearing is part of the record before us. It appears from that transcript that the judge and at least one of the two physicians present at the second hearing were also present at the first. Miss Anderson is appealing from the order of commitment made at the close of that hearing.

It is clear from the transcript of the second hearing that the court in making its order was relying at least in part upon evidence received in the first hearing which evidence is not before us.

ORS 426.160, referring to hearings concerning commitment of the mentally ill, provides: "The judge shall cause to be recorded in the court records a full account of proceedings had at all hearings and examinations * * *." In *State v. Collman,* 9 Or App 476, 489, 497 P2d 1233 (1972) (an appeal from an order of commitment for mental illness), this court held: "[T]he court must have all proceedings (including testimony) reported or utilize other methods which will preserve a record of the proceedings so as to assure an adequate and effective appeal."

Because of the absence of the record of the first hearing we are unable to decide whether the committing court was correct in making its order of commitment.

Reversed.