LAGESEN, P. J.
*698 Appellant appeals an order committing him for a period not to exceed 180 days pursuant to ORS 426.130. Appellant argues that the trial court committed plain error when it failed to either directly advise him of information and rights specified in ORS 426.100(1) or conduct an examination on the record to determine whether he validly waived the right to be so advised. Specifically, appellant contends that the trial court plainly erred by failing to advise him that the possible results of the proceeding included voluntary treatment or conditional release. See ORS 426.130(1) and (2) (setting out possible results of proceeding). The state has conceded that, under State v. M. M. , 288 Or. App. 111, 405 P.3d 192 (2017), and State v. M. T. , 244 Or. App. 299, 258 P.3d 1288 (2011), the trial court plainly erred. For the reasons we will explain, we disagree, however, that the trial court plainly erred. We therefore do not accept the state's concession of error, and we affirm the trial court's order of commitment.
ORS 426.100(1) requires a court conducting a civil commitment hearing to advise the person alleged to have a mental illness of the reason for the proceedings, the nature of the proceedings, the possible results of the proceedings, the right to subpoena witnesses, and the right to representation by, and appointment of, counsel. "[T]o comply with ORS 426.100(1), a trial court in a civil commitment proceeding must either advise the allegedly mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made." State v. S. J. F. , 247 Or. App. 321, 324, 269 P.3d 83 (2011) (internal quotation marks omitted).
Appellant acknowledges that his claim of error was not preserved. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). He contends, however, *514 that it is plain error and asks that we exercise our discretion to correct it.
*699 "Whether the trial court committed plain error in failing to advise appellant of all of the possible results of the proceedings depends on whether the error was one of law, whether the error was 'apparent' so that the legal point is obvious and not reasonably in dispute, and whether the error appears on the record so that we 'need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable.' State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990)."
M. M. , 288 Or. App. at 114, 405 P.3d 192. As we will explain, here, the record is subject to competing inferences-it is not "irrefutable" that the trial court failed to fully advise appellant as required by ORS 426.100(1).
At the outset of the commitment hearing, the trial court stated the following:
"We're here at Unity Center for Behavioral Health, and we're at the hearing room, and [appellant] is not present.
"The record should reflect that the Court, along with [appellant's] attorney and the attorney for the State and the examiners went up to see [appellant] prior to this hearing to see whether he would be willing to come down to the hearing and to make sure he understood what the hearing was about and what his rights were .
"He actively spoke with us. He told us-he told us his position regarding the hearing, that he didn't want to be at the hospital, that he's already told everybody what his position is, and he answered a few questions from the examiners. He advised the Court that he did not want to be at the hospital, that he did not have a mental disorder.
"The Court advised him about what this hearing was, what could happen at the hearing, including a commitment for 180 days; advised him of his rights, including the right to be represented by an attorney . His attorney * * * introduced herself.
"I advised him of the right to subpoena witnesses and indicated we would have the hearing down here, but we were up there to see if he was interested in coming down to the hearing. He indicated to me that he did not want to participate, that what he had to say up there was all he needed to be said[.]
*700 "* * * * *
"But he declined to be here today, so we're going to proceed without him.
"[Appellant's counsel] will be his legal representative and represent his legal interests.
"Is there anything else, [state's counsel], that you would like to put on the record about our meeting with him?
"[State's counsel]: No, Your Honor.
"THE COURT: How about you, [appellant's counsel]?
"[Appellant's counsel]: No."
(Emphases added.) The hearing proceeded; the trial court found appellant to be a person with a mental illness and entered an order of commitment.
Appellant argues that, although the trial court stated at the hearing that it had advised appellant of the possibility of a 180-day commitment, the court plainly erred because it failed to advise him of all of the possible results of the proceeding, including the possibilities of voluntary treatment and conditional release. But the record does not demonstrate-without a need to choose between competing inferences-that the trial court failed to advise him of those possibilities.
Appellant's inference may be a reasonable one, but it is not the only one that can be drawn from this record. The trial court's recitation at the outset of the hearing may be viewed as summarizing rather than fully detailing the conversation.[1] The trial court stated *515 that one of its purposes in going up to speak with appellant was "to make sure he understood what the hearing was about and what his rights were," which is consistent with what S. J. F. requires-that the court "directly" inform the person of the information and *701 rights specified in ORS 426.100(1).[2] The trial court's statement concerning what it had said about the possible results of the proceeding allows for the reasonable competing inference that the possibility of a 180-day commitment was not the only result of which it informed appellant, and that the court advised appellant of all possible results. The court stated that it advised him about "what could happen at the hearing, including a commitment for 180 days[.]" (Emphasis added.)
Based on that record, we cannot say that it is "irrefutable" that the trial court failed to inform appellant of the other possible outcomes of the proceeding. Accordingly, it is not plain that the trial court erred by failing to provide all of the information required by ORS 426.100(1). We therefore affirm the order of commitment.
Affirmed.

We note that ORS 426.095(1) provides that a hearing may be held in a wide range of places: "a hospital, the person's home or in some other place convenient to the court and the person alleged to have a mental illness." As some of these places might pose logistical challenges to recording a hearing in full, this provides some indication that the legislature may have understood that, at times, a court might have to make a record of its advice of rights in the manner employed by the trial court here.

In S. J. F. , a case that was before us on de novo review, we determined that a trial court plainly erred in omitting advising the appellant in accordance with ORS 426.100(1), when the appellant was not present for the hearing because she was being restrained. 247 Or. App. at 323-24, 269 P.3d 83. The state argued that the error was harmless because the record indicated that the appellant's counsel had advised the appellant of the same information as that required by ORS 426.100(1). We found, however, that the state's assertion was not supported by the record. Id . at 326, 269 P.3d 83. We determined that the record indicated only that the appellant's counsel had explained the options of either proceeding with the hearing in the appellant's absence or moving to continue the hearing. Id . The record did not demonstrate that the appellant had "received all of the information from another source." Id . at 327, 269 P.3d 83. This case is not in that posture. Here, the question is whether the trial court itself plainly failed to provide the required information.