LAGESEN, P. J.
*782 Appellant appeals a judgment of commitment and a firearms-prohibition order. ORS 426.130(1)(a)(C) and (D). He seeks reversal, arguing that he was not advised by *1037 the trial court of certain rights and information as required by ORS 426.100(1).[1] Although he did not preserve his claim of error, he argues that we should review it as plain error. The state responds that the claim of error does not satisfy the plain-error requirement that the record demonstrate the error irrefutably, because the record affirmatively demonstrates that additional proceedings occurred off the record. Because appellant has not supplied us with the record needed to permit review of the claimed error, under a plain-error standard or otherwise, we affirm.
Appellant assigns error to the trial court's failure to comply with ORS 426.100(1). We have held that, "to comply with ORS 426.100(1), a trial court in a civil commitment proceeding must either advise the allegedly mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made." State v. S. J. F. , 247 Or. App. 321, 324, 269 P.3d 83 (2011) (internal quotation marks omitted). Appellant argues that, here, "the circuit court did not directly advise the appellant of the rights or information contained in ORS 426.100(1)(a-e) or conduct an examination to determine a valid waiver of the rights." He contends that "[t]here is *** no evidence that the court read any of the rights contained in ORS 426.100(1) to the appellant or that the appellant was present during his civil commitment hearing." That, he argues, constitutes plain error. Appellant does not argue *783 that the trial court committed procedural error, either by failing to place the advice of rights on the record, or by failing to record all portions of the commitment hearing. See State v. B. K. , 295 Or. App. 697, 434 P.3d 512 (2019) (holding error was not plain when court gave the appellant advice of rights in off-the-record discussion, and made a record after-ward that it had done so).
The state argues in response that the record does not irrefutably establish that the trial court plainly erred, because there is an apparent gap in the record, during which the court might have complied with ORS 426.100(1). See State v. M. M. , 288 Or. App. 111, 114, 405 P.3d 192 (2017) (among other requirements, for an error to be plain, it must "appear[ ] on the record so that we need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error [must be] irrefutable" (internal quotation marks omitted)). Appellant did not reply to the state's argument concerning the record.
We conclude that appellant cannot establish that the trial court reversibly erred, because he has not supplied us with an adequate record to review the assignment of error. The portion of the record that appellant has provided demonstrates affirmatively that some portion of the commitment proceedings took place off the record or, at least, outside of the record that has been provided to us. The record we do have reveals that the court heard directly from appellant, but does not capture that exchange. That lack of a record precludes our review of appellant's claim of error.
Here is what the record provided tells us. At the outset of the commitment hearing, the trial court asked those present to identify themselves. In addition to the judge, the state's counsel, appellant's counsel, and a mental health examiner identified themselves. Appellant did not identify himself, and it appears that he was not in the room. We know that because the court said, "I understand we're going to go up to the patient's room to do the rest of the hearing. Did you want to do the evidence down here?" The state's counsel answered in the affirmative, and two exhibits were then admitted into evidence. The court subsequently indicated *784 that it would go off the record until they were "upstairs." The court then went off the record. *1038 When the court came back on the record, neither the court nor the parties requested to make a record of any off-the-record proceedings that had taken place in the interim. Yet, the on-the-record proceedings reflect that off-the-record discussions involving appellant had taken place between the time that the court went off the record and came back on it. When the record resumed, a judicial assistant stated, "We're back on the record[,]" the state's counsel then called two witnesses, and the lawyers made arguments for and against appellant's commitment. Appellant was not called as a witness on the record at that point, he is never addressed by anyone or referred to as being present, and there are no transcribed statements attributed to him.[2] Yet, during cross-examination of one of the witnesses, and in closing argument, appellant's lawyer referred to what the witness and the court had heard from appellant. Appellant's lawyer, cross-examining a witness and referring to appellant, stated, "Well, and he explained to us this morning though that he had not-the-he had not-the explanation for the drugs and what they did and what they were used for had not been given to him." (Emphasis added.) Appellant's counsel stated in closing, "As the Court's aware my client would like to be discharged. He doesn't feel he has a mental illness. He explained that. He explained why he didn't want to take medication." The mental health examiner also referred to interviewing appellant "today," and her report from the hearing, under the heading "examination," states that appellant was "seen in his room." At the conclusion of the hearing, the court made findings and subsequently entered the judgment of commitment and firearms order. *785 Those references (in particular, the reference to the fact that appellant had "explained" things to the trial court) indicate that a portion of the proceeding occurred off the record, and the only time the court interacted with appellant was during that off the record portion. An account of those proceedings would be necessary to resolve appellant's claim of error that the trial court did not provide the advice of rights to appellant.
Ordinarily, it is the appellant's burden "to furnish a sufficient record to demonstrate that the trial court[ ]" erred. State v. Lavert , 164 Or. App. 280, 283, 991 P.2d 1067 (1999) ; see also King City Realty v. Sunpace , 291 Or. 573, 582, 633 P.2d 784 (1981). And "[t]he burden of creating and providing a record rests with the party seeking to alter the decision." Foust v. American Standard Ins. Co. , 189 Or. App. 125, 134 n. 8, 74 P.3d 1111 (2003) ; see also Ibarra v. Conn , 261 Or. App. 598, 602-03, 323 P.3d 539 (2014) (the appellant failed to supply a record sufficient to review claim of error when trial court's determination was influenced by unrecorded discussion in chambers); Russell v. Nikon, Inc. , 208 Or. App. 606, 611, 145 P.3d 312 (2006) ("without a transcript or an 'agreed narrative statement,' ORS 19.380 ; ORAP 3.45, we are unable to say with confidence that we know what took place" at pertinent unrecorded hearing). Included in that burden is the obligation to put on the record an account of any critical proceedings occurring off of the record. This is especially important in civil commitment cases because ORS 426.095(1) authorizes commitment hearings to be held in a wide range of places: "a hospital, the person's home or in some other place convenient to the court and the person alleged to have a mental illness." As we observed in B. K. , 295 Or. App. at 700 n. 1, 434 P.3d 512, "some of these places might pose logistical challenges to recording a hearing in full," and that is "some indication that the legislature may have understood that, at times," a record might have to be made later of events that occurred off the record.
Here, appellant has not satisfied that burden because he has not supplied a record *1039 of what took place during the trial court's direct interaction with him, even though there are procedural mechanisms that would have enabled him to do so. If proceedings take place off the record, a party may *786 seek to have the proceedings recorded or to make a record of what occurred once the proceedings are back on the record. There are additional ways that an appellant can seek to provide a record in an appeal that might be sufficient for our review, even when portions of a proceeding were unrecorded, or a recording, or part of it, was lost or destroyed. For example, ORS 19.380 provides, in part:
"In lieu of or in addition to a transcript, the parties may prepare an agreed narrative statement of the proceedings below or parts thereof. The narrative statement shall be signed by the parties or their attorneys and shall be filed with the trial court administrator within 30 days after the filing of the notice of appeal."
See also ORS 7.150 (procedure for obtaining "an order reciting what was the substance and effect of [a] lost or destroyed record"). Appellant has not provided an account of the events that are missing from the record by one of these alternate means. Without such an account, we cannot review the claimed error regarding the advice of rights.[3]
Although neither party addresses the point, we would be remiss were we not to observe expressly that the procedural law of civil commitment appeals has changed in this area. The statutes governing civil commitment hearings used to place the obligation of creating a full record of any proceedings squarely on the trial judge, relieving appellants in civil commitment cases of the usual obligation to ensure completeness of the record below. Before it was amended in 2011, ORS 426.160 (2009) provided, in part, that "[t]he judge shall cause to be recorded in the court records a full account of proceedings had at all hearings and examinations conducted pursuant to ORS 426.005, [and] 426.060 to 426.170." (Emphasis added.) See Or. Laws 2011, ch. 332, § 1. In at least three cases, we reversed commitment orders when the trial courts failed to create a "full account" of the proceedings, based on the pre-2011 version of ORS 426.160. State v. Anderson , 21 Or. App. 263, 264, 534 P.2d 1159 (1975) ; State v. Rowe , 9 Or. App. 500, 497 P.2d 1230 (1972) ;
*787 Statev. Collman , 9 Or. App. 476, 489, 497 P.2d 1233 (1972) ; but see State v. Obelo , 179 Or. App. 684, 687, 41 P.3d 458 (2002) (holding it was not necessary to resolve whether a gap in the record constituted a violation of ORS 426.160, because, even if it did, " ORS 19.420(3) governs how we and the parties are to address the gap[,]" and the appellant did not make the required showing under that statute).[4] But the legislature chose to eliminate that requirement in 2011, and the legislature has not, to date, supplied a similar requirement elsewhere.[5] ORS 426.160 no longer places the same obligation on the trial judge in a civil commitment hearing to create a "full account" of the proceedings. The legislature's elimination of the requirement that the trial judge make a "full account" of any civil commitment proceedings changed the potential effect of the *1040 lack of a complete record of the proceedings below. Absent a statutory or constitutional mandate[6] that requires the trial court to document what transpired during off-the-record proceedings, an appellant fails to meet that burden when, as here, the record on appeal affirmatively demonstrates that off-the-record proceedings occurred that bear on the claimed error, the available methods of addressing a record gap have not been employed, and we determine that the incomplete record precludes review. See, e.g. , Ibarra , 261 Or. App. at 603, 323 P.3d 539 (where record affirmatively demonstrated that off-the-record discussion had occurred that may have *788 influenced court's decision, appellant's failure to provide a memorialization of off-the-record proceedings precluded appellate review).
In sum, because the record on appeal is not sufficient to resolve appellant's claim of error, we affirm.
Affirmed.

ORS 426.100(1) provides:
"At the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of the following:
"(a) The reason for being brought before the court;
"(b) The nature of the proceedings;
"(c) The possible results of the proceedings;
"(d) The right to subpoena witnesses; and
"(e) The person's rights regarding representation by or appointment of counsel."

The record suggests that there might have been concerns or issues with holding "the rest of the hearing" in appellant's room. Appellant's treating psychiatrist described in her testimony during the hearing a safety plan involving precautions that the staff observed with appellant. The plan included precautions that staff not see him alone; when interacting with him, doing so in an open area rather than a small enclosed room; and having a "harm reduction specialist" assigned to him one-on-one. There is no record, however, of any decision by the court or by appellant concerning his presence for or absence from the hearing, aside from the initial intention to go to his room.

As noted earlier, appellant does not raise a claim of procedural error, that is, a claim that some source of law required the advice of rights to be provided on the record or, alternatively, that some source of law made it the trial court's obligation to make a full record of the proceedings.

As we have said in Obelo and in State v. Cutri , 184 Or. App. 625, 628, 56 P.3d 955 (2002), ORS 19.420(3) governs how we and the parties are to address a gap in the record "[w]henever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction, through no fault of the appellant, of the reporter's notes or audio records *** necessary to the prosecution of the appeal[.]" ORS 19.420(3). We may reverse and remand for a new trial under that provision if the appellant (1) "show[s] that they have made every reasonable effort to secure a substitute for the missing portion of the record and (2) *** make[s] a prima facie showing of error, of unfairness at trial, or of a miscarriage of justice." Obelo , 179 Or. App. at 687, 41 P.3d 458.

We have examined the legislative history of the 2011 amendment of ORS 426.160, but found no explanation for the elimination of the requirement that the trial judge make a "full account of proceedings" in civil commitment cases. The history of the amendment indicates that the changes were primarily motivated by the need to update involuntary commitment statutes relating to court records in preparation for the implementation of electronic filing and records systems.

Again, appellant in this case has not identified any source of law imposing that obligation on the trial court or otherwise asserted a claim that the court committed procedural error by not creating an adequate record of the off-the-record proceedings involving appellant.