Submitted April 16; portion of judgment imposing $255 Intoxicant Conviction Fee vacated, remanded for resentencing, otherwise affirmed June 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN WILLIAM BILTON,
*Defendant-Appellant.*

Tillamook County Circuit Court
19CR16437; A171867

493 P3d 564

Defendant appeals from a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII). In the judgment, defendant was ordered to pay a $255 "Intoxicant Conviction Fee." Defendant argues that that $255 fee should be reversed, because the court failed to announce it at his sentencing and it appeared for the first time in the judgment. The state asserts that defendant did have an opportunity to object to the fee because the context of the transcript demonstrates that the court ordered the assessment in defendant's presence. *Held*: The transcript of the proceedings does not establish that the court imposed the fee in defendant's presence. Thus, defendant was not required to preserve his claim of error and the fee is vacated and remanded.

Portion of judgment imposing $255 Intoxicant Conviction Fee vacated; remanded for resentencing; otherwise affirmed.

Mari Garric Trevino, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Portion of judgment imposing $255 Intoxicant Conviction Fee vacated; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII). In that judgment, defendant was ordered to pay $153 in attorney fees, a $1,000 DUII fine, and a $255 "Intoxicant Conviction Fee." On appeal, defendant argues that that $255 fee should be reversed, because the court failed to announce it at his sentencing. Defendant further argues that he was not required to preserve his claim of error, because it appeared for the first time in the judgment. The state asserts that defendant did have an opportunity to object to the fee, because the context of the transcript demonstrates that the court ordered the assessment in defendant's presence, and urges us to reject defendant's assignment of error as unpreserved and not qualifying for plain error review. As explained below, we vacate and remand the $255 fee.

At sentencing, the state asked for "24 months formal probation. All the standard first time DUII conditions. To include 48 hours Tillamook County Jail and a $1,000 fine." After discussion about sentencing matters unrelated to the issue on appeal, the court sentenced defendant:

> "I'll suspend disposition of sentence. I'll put you on two years of formal probation. You will be subject to all of the general conditions of probation. And they'll go through those with you. Okay. And make sure you ask if you have any question. Because I didn't do the 1-5, it's a thousand dollar fine, plus attorney fees."

On attorney fees, defendant's counsel represented that, although defendant has a job, he has significant debt, and "[s]o I'm not sure he has the ability to pay court-appointed attorney fees and I'm filing them on this case. He is going to have to pay for treatments and probation fees." The court ordered defendant to pay the attorney fees at $25 per month. After a discussion about dates for defendant to serve his jail time, the court ordered him to arrive at the jail on July 27 by 8:00 p.m. and stated that defendant will need to bring your paperwork with you "which we are going to give you in a few minutes." The court then stated, "[t]here is a one-year driver's license suspension that's mandatory, starts today." The court also told defendant that all

the probation conditions "will all be in your papers," but also reviewed them with defendant. The court then asked the prosecutor if that was everything, and, after confirming with the court that it had ordered the $1,000 fine, the prosecutor stated, "I think that's everything."

Before the court officially went off the record, the end of the transcript captured the following exchanges:

"THE COURT:   So we'll get you some paperwork. And you have something to sign. You do have a right to appeal my decision if you would like to do that. And you just tell your lawyer and he arranges for that to be done. You have to make a decision to appeal within 30 days of today's date. Okay.

"[DEFENDANT]:   Thank you.

"COURT CLERK:   Your Honor, what were the finding fees for—

"THE COURT:   A thousand plus attorney fees. And there is that assessment, too.

"[DEFENDANT]:   You got a copy; right? They made a copy?

"[DEFENDANT'S COUNSEL]:   Well, and the State may apply fees. So don't worry about that. Trust me. Even going to trial, the—what you are paying is nothing.

"COURT CLERK:   And I need to take the one sentence—

"THE COURT:   Yes. I needed to go up today and set up the advanced schedule. And we can go off the record."

On appeal, the state argues that the final exchanges indicate that the court did impose the $255 fee in defendant's presence. The state argues that the court's statement, "[a]nd there is that assessment, too," was a reference to the $255 fee, because there were only three fees or fines imposed in the judgment—$153 in attorney fees, the $1,000 DUII fine, and the $255 Intoxication Conviction Fee—and "assessment" is a shorthand reference to the fee. The state also argues that defendant and defendant's counsel knew about the fee, because the transcript indicates that they had a copy of the paperwork while in court but did not ask for clarification or object to the fee.

We reject the state's argument. An oblique reference by the court to "that assessment" made to the court clerk, and not to defendant or defendant's counsel, who, as indicated by the transcript, were talking to each other at the same time the court was talking to the court clerk, was not a sufficient reference to put defendant on notice that the court would impose a $255 fee in the judgment. Further, the transcript does not indicate what paperwork was being given to defendant, whether defendant's counsel was in possession of that paperwork when talking to defendant about his monetary obligations, or whether that paperwork contained the $255 fee. Because the $255 fee was not announced in open court, and appeared for the first time in the judgment, defendant was not required to preserve his contention on appeal. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation is not required where the challenged error appeared for the first time in the judgment); *see also Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue.").

Having determined that defendant was not required to preserve his assignment of error, we vacate and remand the $255 fee. It is well-settled that the trial court errs when it imposes the $255 DUII fee in a judgment without first announcing it at sentencing. *State v. Tison*, 292 Or App 369, 374-75, 424 P3d 823, *rev den*, 363 Or 744 (2018). Because the record is silent as to whether the court intended to impose the fee or to waive all or a part of it, having recognized defendant's strained finances, we vacate the fee and remand for resentencing. *Id.* at 375; *see also* ORS 813.020(1)(a) (requiring a court to impose the fee in ORS 813.030 when a person is convicted of DUII); ORS 813.030 (providing that the fee required by ORS 813.020(1) is $255, "except that the court may waive all or part of the fee in cases involving indigent defendants").

Portion of judgment imposing $255 Intoxicant Conviction Fee vacated; remanded for resentencing; otherwise affirmed.