**This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).**

Submitted August 21, portion of judgment imposing $255 DUII conviction fee vacated, remanded for resentencing, otherwise affirmed September 13, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEON AMRE DAVIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR45595; A177714

Andrew M. Lavin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Portion of judgment imposing $255 DUII conviction fee vacated; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010; unlawful possession of a firearm, ORS 166.250; and possession of a loaded firearm in public, Portland City Code 14A.60.010. He first argues that the sentencing court erred in imposing a $255 DUII conviction fee that was not announced in open court. The state concedes that error, and we accept that concession. *See generally State v. Bilton*, 312 Or App 209, 212, 493 P3d 564 (2021) ("It is well-settled that the trial court errs when it imposes the $255 DUII fee in a judgment without first announcing it at sentencing.").

Defendant also argues that the trial court plainly erred in imposing a 30-day jail sentence on his conviction for possession of a loaded firearm in public. He acknowledges that Portland City Code 14A.60.010(E)(2) provides that "the court must impose a mandatory minimum sentence of 30 days for violation of this Section." He argues, however, that the court plainly erred in doing so because it did not articulate that it understood that it nonetheless had authority to suspend *execution* of the sentence it had just imposed. He acknowledges that the 30-day jail sentence has long since been fully served but urges this court to address his argument pursuant to ORS 14.175 as involving an issue that is capable of repetition but likely to evade judicial review in the future.

Given that defendant offers no persuasive argument in support of his position that the court plainly erred, this is not an appropriate case for us to exercise discretion under ORS 14.175. *See Eastern Oregon Mining Assoc. v. DEQ*, 285 Or App 821, 830-32, 398 P3d 449 (2017), *aff'd*, 365 Or 313 (2019), *cert den*, ___ US ___, 141 S Ct 111 (2020) (noting that similar considerations govern exercise of discretion for plain-error review and review pursuant to ORS 14.175).

Portion of judgment imposing $255 DUII conviction fee vacated; remanded for resentencing; otherwise affirmed.