384 August 6, 2025 No. 704

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES JORDAN MANIGO,
*Defendant-Appellant.*

Washington County Circuit Court
23CR22095; A183166

Erik M. Buchér, Judge.

Submitted June 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals from a judgment of conviction, entered after a jury trial, for two misdemeanors: fourth-degree assault constituting domestic violence, ORS 163.160, and harassment, ORS 166.065. He was sentenced to three years of supervised probation subject to special conditions of probation. That sentence included the imposition of a "domestic violence package" of special probation conditions, which he challenges on appeal, contending that the special conditions were not announced in open court and appeared for the first time in the written judgment. *State v. Priester*, 325 Or App 574, 530 P3d 118, *rev den*, 371 Or 332 (2023). We conclude that preservation is excused because, even though the trial court said the parties should review the judgment before it was finalized, the record does not reflect that proposed review or otherwise show that defendant could have objected to the challenged sentencing conditions. We also conclude that the trial court's shorthand reference to a "domestic violence package" did not adequately announce defendant's sentence in open court. Accordingly, we remand for resentencing.

The relevant facts are procedural and undisputed. During sentencing, the trial court announced that it was sentencing defendant to three years of formal probation and that it would waive fees. The court explained to defendant that the conditions of his probation would include no contact with the victim, a bar on possessing firearms, and that "you have to do the domestic violence package *** that's the only reason you're on probation, formal probation, and you need to go check in with your probation officer when you leave my courtroom today." When the court announced the "domestic violence package," defendant raised the issue of his ability to maintain the supervised visitation time with his child that had been established in his release agreement, stating his concern that the "normal [domestic violence] package includes no contact with (indiscernible), I thought." The prosecutor responded that the package "shouldn't" include a no-contact provision with respect to the child, and "if it's in there we can delete it, that is not the intent." The court added a probation condition specifically allowing defendant to have supervised contact with the child. The court then

indicated to the parties that "I'm going to have you guys read [the judgment] as soon as we get it *** there shouldn't be anything in there that says anything as far as the son is concerned, but if so we're going to delete it." After both parties indicated they had nothing further to add, the court reiterated that "I still want [the parties] to look at [the judgment]" and concluded the proceedings.

Defendant now challenges five special conditions of probation included in the judgment that require him to complete a "Domestic Violence Intervention Program"; attend a "Survivor's Impact Panel"; obtain permission from his supervising officer before participating in couples or family counseling; disclose any potential intimate sexual relationships to his supervising officer and "consent to the supervising officer communicating with others about the defendant's domestic violence history"; and notify the supervising officer of any arrests, citations, and protective orders issued against defendant.

"A criminal defendant has a right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *Id.* at 581 (citations omitted). When the challenged conditions of a sentence appear for the first time in the judgment, we excuse preservation because a defendant did not have the opportunity to object or challenge those conditions below. *State v. Macy*, 312 Or App 234, 236 n 2, 492 P3d 1277 (2021) ("[A] defendant is not required to preserve a challenge to a portion of a sentence that appeared for the first time in a judgment because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced."); *State v. Walker*, 280 Or App 388, 389, 381 P3d 1085 (2016), *rev den*, 360 Or 752 (2017) (explaining that ordinary preservation requirements are excused when the alleged erroneous term first appeared in the written judgment); *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (citing *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue.")).

We first address preservation. Pointing to the trial court's statements in the record, with regard to the judgment, that "I'm going to have you guys read this as soon as we get it," and its instruction to the parties to "go ahead and have a seat because I want you to look at this before [defendant] goes and checks in with probation," the state argues that defendant had the opportunity to review the judgment and object to its terms before it was finalized, and so preservation should not be excused. In support of its argument, the state points out that we have declined to excuse preservation when the court follows a process that allows the parties to object to the form of the judgment. *Dudrov v. State of Oregon*, 274 Or App 636, 638-39, 361 P3d 647 (2015), *rev den*, 370 P3d 502 (2016) ("[c]onsistently with ORS 18.035(1) and UTCR 5.100, the [post-conviction] court directed the state's attorney to prepare the judgment and share it with [the] petitioner's attorney before transmitting it to the court," and the petitioner did not dispute that the parties followed that regular process) (footnotes omitted). The state's argument suggests that a similar process occurred in this case because the court told the parties that it wanted them to review the judgment.

The record below, however, does not support that conclusion. It does reflect the trial court's expressed intention to have the parties review the judgment. But then, the proceedings were concluded. As a result, the record is completely silent on whether the parties had an opportunity to or did, in fact, review the proposed judgment before it was finalized. These circumstances are thus meaningfully distinct from the process at issue in *Dudrov*, in which we declined to excuse preservation because it was not disputed that the litigants followed a regular process governed by rule that specifically provided that the petitioner's attorney would review the judgment before it was provided to the court. *Id.* at 638. The state's argument would have us infer from the court's stated intention to have the parties review the judgment that the parties actually did review the judgment, but that inference would be speculative—there is nothing in the record before us to support it. *Dudrov*, then, does not support the state's argument that we should decline to excuse preservation under these circumstances.

This raises a related issue of whether we should nevertheless decline to review defendant's asserted error because defendant did not object to the process the trial court proposed or otherwise make a record of his inability to review the judgment. That is, given the trial court's statements that the parties would review the judgment and the record's silence on whether they did so, was a burden thereby placed on defendant to make a record that he "had no opportunity to preserve the challenge" to the probation conditions. *Macy*, 312 Or App at 236 n 2. "Ordinarily, it is the appellant's burden to furnish a sufficient record to demonstrate that the trial court erred. *** Included in that burden is the obligation to put on the record an account of any critical proceedings occurring off of the record." *State v. Y. B.*, 296 Or App 781, 785, 439 P3d 1036 (2019) (internal quotations, citations, and alteration omitted). We have concluded that an appellant does not meet that burden when there were mechanisms available by which he could have made a record of proceedings that took place off the record, and the appellant's challenge depended on the substance of the off-the-record proceedings. *Id.* at 785-86; *see also Ibarra v. Conn*, 261 Or App 598, 602-03, 323 P3d 539 (2014) (review of factual findings that served as basis for trial court's determination that there had been a substantial change in circumstances supporting change in custody was precluded when the parties agreed to off-the-record interview of child).

The circumstances in this case are meaningfully different. Here, the trial court stated that the parties would review the judgment, and the proceedings concluded. That intended review, then, would have happened off the record. But, because the parties never went back on the record, defendant did not have an opportunity to memorialize any off-the-record proceedings. Moreover, defendant's challenge does not ask us to reverse the trial court based upon the proceedings that happened off the record. Instead, his challenge is based on the inadequacy of the proceedings that were held in open court, that is, the trial court's failure to announce the challenged probation conditions. As such, the record is sufficient for us to review his asserted error. Because the record does not reflect that defendant had a meaningful opportunity to review the proposed judgment and to object

to the challenged probation conditions, we conclude that preservation is excused. *See, e.g.*, *State v. Bilton*, 312 Or App 209, 212, 493 P3d 564 (2021) (excusing preservation of the defendant's challenge to a fee that appeared for the first time in the judgment when the fee was not announced in open court and the record did not reflect what paperwork was given to the defendant or whether that paperwork contained the fee). We therefore turn to the merits.

When a trial court uses a shorthand reference to announce a sentence, such a reference is legally sufficient to meet the requirement that the sentence be pronounced in open court when two conditions are met: "it must be apparent somewhere in the record that all parties had the same understanding of the meaning of the shorthand phrase and what it referred to," and it "must be apparent somewhere in the record that the shorthand phrase included the conditions that were eventually listed in the written judgment." *Priester*, 325 Or App at 582-83.

The trial court used a shorthand phrase when it stated that it would impose a "domestic violence package." The parties then engaged in significant discussion as to whether there was a condition in the package that would operate to limit defendant's supervised contact with his child. Defendant was under the impression that the domestic violence probation conditions would prohibit contact with his child, the prosecutor responded that it "shouldn't" and "if it's in there we can delete it, that is not the intent," and the court subsequently included a probation condition specifically allowing contact with the child. That discussion demonstrates that there was significant uncertainty among the parties and the court as to the content of the specific conditions included in the "domestic violence package" and how they would apply to defendant. *Cf. id.* at 583 (we examine "defendant's unique sentencing proceeding"). Therefore, as to the first criterion, we conclude that it is not "apparent" in the record that "all parties had the same understanding of the meaning of the shorthand phrase and what it referred to." *Id.* at 582; *id.* at 583 ("[S]horthand references to 'packages' can mean different things across different counties, or among judges.").

As to the second condition, there is no additional evidence in the record that shows that the "domestic violence package" in fact "included the conditions that were eventually listed in the written judgment." *Id.* at 582-83. A trial court may opt to employ a shorthand reference to satisfy its obligation to "state all the terms of a defendant's sentence on the record at the time it sentences the defendant," but in that case "the court \*\*\* must ensure that the record of that sentencing proceeding reflects compliance with" that requirement. *Id.* at 583-84. The record below does not demonstrate that compliance.

Remanded for resentencing; otherwise affirmed.