650 January 28, 2026 No. 36

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEVAN MICHAEL CULBERTSON,
aka Devon Michael Culbertson,
*Defendant-Appellant.*

Curry County Circuit Court
24CR02733; A184976

Jesse C. Margolis, Judge.

Submitted December 4, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction after a jury found him guilty of felony assault in the fourth degree constituting domestic violence, menacing constituting domestic violence, and harassment. On appeal, defendant raises two assignments of error, which challenge the trial court's denial of his motion for judgment of acquittal on the menacing offense and challenge the imposition of *per diem* fees. First, we conclude that there was sufficient evidence to deny defendant's motion for judgment of acquittal. Second, because defendant had the opportunity to object to the imposition of *per diem* fees when the trial court provided the parties a proposed judgment and invited them to voice any objections, we do not excuse preservation. Accordingly, we affirm.

In his first assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on the menacing charge, because the evidence was insufficient. ORS 163.190(1) provides that a person commits the crime of menacing "if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." The requisite state of fear is measured by a "reasonable person" standard. *State v. C. S.*, 275 Or App 126, 130, 365 P3d 535 (2015). A defendant's intent to instill fear in the victim may be inferred from the defendant's entire course of conduct. *State v. Theriault*, 300 Or App 243, 254, 452 P3d 1051 (2019).

In reviewing the trial court's ruling denying defendant's motion, we view the evidence, including all reasonable inferences and credibility determinations, in the light most favorable to the state to determine whether a rational factfinder could have found the elements of the crime. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). As noted above, defendant was charged with felony assault in the fourth degree constituting domestic violence, menacing constituting domestic violence, and harassment, after an incident that occurred at defendant and the victim's shared home. At trial, the jury heard evidence that defendant became angry at the victim and, over a period of two to three hours, verbally threatened and

physically abused her. Taken in the light most favorable to the state, the evidence showed that defendant grabbed the victim by the wrist and threw her down, where she landed on a portable air conditioner unit, causing a bruise on her back. Defendant spit on the victim 15 to 20 times, and he told the victim that he hoped she would be in a car accident to "get fucked, to die in a fucking ball of goddamn fire with nobody to ever even show up to identify the body." Defendant also said that he wanted her under a bus. The victim was afraid that defendant would kill her, and she went into a bathroom to get away from him. Defendant entered the bathroom and slammed the victim's head against a wall, causing a bruise. He then insinuated even further violence, saying, "I haven't even started yet."

At trial, defendant argued that the trial court should grant his motion for judgment of acquittal on the menacing charge because the evidence of his expressed hope that the victim would die in a fiery car accident in the future was too remote to cause an objectively reasonable person to fear imminent serious physical injury. The court rejected defendant's argument, explaining:

> "[T]he combination of the expression of his desire that she die a violent death, along with the actual physical violence that was allegedly going on that night, there's enough to go to the jury on the allegation of menacing."

On appeal, defendant contends that the trial court erred in denying his motion for judgment of acquittal, because the threats that defendant made could not have been carried out imminently; thus, he contends, the evidence is insufficient to establish that the victim had a reasonably objective fear of imminent serious physical injury. In support of his contention, defendant cites *State v. Hejazi*, 323 Or App 752, 759, 524 P3d 534 (2023), in which we reversed a trial court ruling denying the defendant's motion for judgment of acquittal on the charge of menacing. In that case, the defendant followed the victim, who worked as an attorney representing clients in municipal court, closely as they walked on a sidewalk toward the courthouse. *Id.* at 755. The defendant yelled, "I could hit you right now." *Id.* The victim did not stop walking but said, "if you hit me, it would be an

assault." *Id.* at 755-56. The victim sensed that the defendant was getting frustrated and saw something that looked like a piece of paper fly past his shoulder as he walked. *Id.* at 756. The defendant yelled, "I'm going to kill you and your family." *Id.* The trial court denied the defendant's motion for judgment of acquittal on the menacing charge, and he was convicted. *Id.* In reversing the defendant's conviction, we explained that the record lacked sufficient evidence to show that the defendant's threat of serious harm was imminent. *Id.* at 758-59.

Defendant contends that, as in *Hejazi*, the record does not support an inference that the threatened serious harm to the victim was imminent. The state responds that *Hejazi* is distinguishable, because, unlike here, the threats against the victim in *Hejazi* were not accompanied by actual physical violence. Here, the state contends, in light of the context in which defendant made the threats, the evidence was sufficient to give rise to an objectively reasonable fear of serious harm.

In viewing the evidence in the light most favorable to the state, we readily conclude that the trial court did not err in denying defendant's motion. As the trial court correctly concluded in denying defendant's motion, defendant's entire course of conduct, including the physical violence and verbal threats, was sufficient to establish defendant's intent to place an objectively reasonable person in fear of imminent serious physical injury. *See Theriault*, 300 Or App at 254 (explaining that the gravamen of menacing is the "intent to place another person in fear" and that a defendant's intent to instill that fear in the victim may be inferred from "a defendant's entire course of conduct"). Further, we agree with the state's argument that this case is not like *Hejazi* because defendant's entire course of conduct in this case included physical violence. In short, the trial court did not err in denying defendant's motion for judgment of acquittal.

In his second assignment of error, defendant contends that the trial court's imposition of *per diem* fees on all three convictions must be reversed, because the fees were not announced in open court. *See State v. Bonner*, 307 Or 598, 600-01, 771 P2d 272 (1989) (holding that terms in

judgments, including sentencing, must be announced in open court); *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (explaining that a criminal defendant has the right to have his, her, or their sentence announced in open court and that a trial court errs if it does not do so). Defendant did not preserve his challenge to the imposition of *per diem* fees but contends that the preservation requirement must be excused, because he did not have an opportunity to preserve his contention.

The state remonstrates that defendant did in fact have an opportunity to raise his challenge, because the trial court provided the parties with a proposed judgment during the sentencing hearing that included reference to the *per diem* charge. The trial court explained at sentencing:

> "The court will cause a judgment form to be prepared. I'll ask counsel to review that form of judgment, voice any objections to the form of judgment or sentence imposed so the court can deal with those issues while we're on the record here today."

During the hearing, the prosecutor offered two amendments to the proposed judgment, to which the court agreed. The court then asked defense counsel if he had any objections to the form of judgment, and defense counsel told the court that there were no issues with the proposed judgment and that there were no objections to the proposed corrections offered by the prosecutor. The proposed judgment as amended became the final judgment, and there is no contention that, apart from the two amendments requested by the prosecutor, the final judgment is different from the proposed judgment.

Given the circumstances, we agree with the state's argument that defendant did have an opportunity to object to the inclusion of the *per diem* charge. *Compare Dept. of Human Services v. A. H.*, 317 Or App 697, 706, 505 P3d 1064 (2022) (concluding that preservation was not excused where a party had an opportunity to review the judgment and object to the asserted error before the judgment was issued), *with State v. Manigo*, 342 Or App 384, 387, 576 P3d 525 (2025) (excusing preservation where—despite the trial court's expressed intention to have the parties review the

judgment—the record was "silent on whether the parties had an opportunity to or did, in fact, review the proposed judgment before it was finalized"). For that reason, we decline to excuse the preservation requirement. Defendant has not asked us to review for plain error, and even if he did, we would not exercise our discretion given the circumstances. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (explaining that among the considerations relevant to that determination is "whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error").

Affirmed.